UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEAN WARTERS AND MARSBY WARTERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 16-11892-FDS |
| MASSACHUSETTS DEPARTMENT OF TRANSPORTATION and U.S. DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON PLAINTIFFS' MOTION TO REMAND AND
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This action comes before the Court in an unusual and somewhat convoluted procedural posture. On January 10, 2014, Jean and Marsby Warters filed a complaint against the Massachusetts Department of Transportation and the U.S. Department of Transportation ("USDOT") in Bristol County Superior Court. (Def. Opp. to Pl. Mot. for Remand Ex. 1).[1] In substance, plaintiffs contend that they are entitled to compensation and other damages arising out of a highway improvement project that affected their residential property in Fairhaven, Massachusetts. Plaintiffs are proceeding *pro se*.

Plaintiffs contend that USDOT was timely served with the original complaint and offer documentary evidence to that effect. (Pl. Mot. to Remand Attachment A). USDOT contends

---

[1] USDOT is listed on the original complaint and amended complaint as a "third-party defendant." That was apparently a labeling error, and accordingly the Court will treat USDOT as a defendant.

that it has not determined whether it was ever properly served with the first complaint. In any event, more than two years elapsed, during which the litigation apparently proceeded against the state defendant, the Massachusetts Department of Transportation. USDOT did not file an answer, conduct discovery, attend conferences, or otherwise participate in the litigation. (Def. Opp. to Pl. Mot. for Remand). Plaintiffs, however, did not move for a default judgment or seek other sanctions against USDOT. (*Id.*)

On August 25, 2016, plaintiffs filed an amended complaint against both defendants in the state court. (*Id.* at Dkt. No. 10). USDOT does not dispute that it was served with the amended complaint.

On September 16, 2016, USDOT filed a notice of removal in this Court pursuant to 28 U.S.C. § 1442. The notice indicates that USDOT requests removal only as to itself, and not as to the state defendant. (Notice of Removal ¶ 10).

After filing the notice of removal in this Court, USDOT did not file a notice of removal with the clerk of the state court for more than two months. (Pl. Rep. to Def. Mem. Ex. 1). *See* 28 U.S.C. § 1446(d) (such notice shall be filed "[p]romptly" with the state court).

On October 17, 2016, plaintiffs brought this motion to remand the action to state court.[2]

---

[2] Plaintiffs' motion to remand is dated October 15, 2016. Plaintiffs mailed the motion to the clerk of the court, who filed it on October 17, 31 days after the notice of removal was filed. Under 28 U.S.C. § 1447(c), a motion to remand for any reason other than a jurisdictional defect "must be made within 30 days after the filing of the notice of removal." The government does not contend that the motion should be denied on the grounds that it is untimely. It appears that plaintiffs mailed the motion in a timely manner on or before October 16, as the Court received the motion by mail on October 17. Where, as here, *pro se* plaintiffs file a motion to remand after the statutory deadline, but the delay is "attributable to delays in the mail system"; the plaintiffs made a "good faith attempt to comply with the procedural requirements in § 1447(c)"; "it is 'obvious that the notice of removal suffered from procedural defects'"; and where the defendant has "identified no obvious prejudice arising from the . . . delay in the motion appearing as filed on ECF," the Court will consider the motion "made" at the time that it was mailed. *St. John v. CBE Grp., Inc.*, 2011 WL 613741, at *4 (D. Mass. Feb. 11, 2011) (*quoting Phoenix Global Ventures v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005). Accordingly, the Court will not deny plaintiffs' motion to remand on the basis that it was untimely.

On October 21, 2016, USDOT moved to dismiss the action on the ground that this Court does not have subject-matter jurisdiction over the claim, because the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4601 *et seq.*, provides the exclusive procedure and remedy for such a claim.  Plaintiffs have not opposed the motion to dismiss.  USDOT opposed the motion to remand on the ground that the Court should address the motion to dismiss first.

On November 8, 2016—53 days after USDOT filed a notice of removal in this Court, but before it had filed a notice in state court—plaintiffs voluntarily dismissed USDOT in the state court action.  (State Dkt. No. 17).  That dismissal was duly recorded on the docket in the state court.  (*Id.*)

Finally, on November 25, 2016, USDOT filed the notice of removal in state court.  (State Dkt. No. 19).

Although it is clear that this action should not proceed in this Court, the path to that result is somewhat tangled.

To begin, USDOT did not comply with the removal statute.  That statute, 28 U.S.C. § 1446(d), provides that "promptly" after a defendant files a notice of removal in federal court, the defendant shall give written notice to all adverse parties, and "shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  Pursuant to that statute, the federal court does not obtain *exclusive* jurisdiction over the action until after the notice is filed with the state court, effecting the removal.  Instead, "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and . . . both state and federal courts have jurisdiction until the process of removal is completed."  *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st. Cir.

3

1975) (finding that a state court's entry of default against a defendant after the defendant had filed a notice of removal in federal court but before it filed the notice in state court was effective).

Thus, for a period of 70 days, between September 16 and November 25, 2016, the Bristol County Superior Court and this Court had concurrent jurisdiction over this action. During that period, on November 8, 2016, plaintiffs entered a voluntary dismissal of USDOT that was recorded on the state court docket. That dismissal became effective when it was entered on the state docket and "is to be treated as if it were entered by this Court." *Sindi v. El-Moslimany*, 2014 WL 1281522, at *2 (D. Mass. Mar. 26, 2014). Accordingly, USDOT has not been a party to this case since November 8, 2016, and its motion to dismiss that was filed in this Court has become moot.

Because the removing party has been dismissed, the Court must next consider whether the motion to remand has become moot. As noted, USDOT attempted to remove this case only as to itself, and not as to the state defendant, pursuant to 28 U.S.C. § 1442. USDOT has not indicated that the state defendant consented to removal. Under § 1442(a)(1), federal officers, agencies, and the United States may remove civil or criminal actions commenced against them in state court. A removal under 28 U.S.C. § 1442(a)(1) constitutes an "exception to the general rule that removals must be unanimously agreed to by the defendants." *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 195 (D. Mass. 2008). *See also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co.,* 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Cir. 1965). By its plain terms, § 1442(a)(1) likewise permits removal by a federal agency without the consent of all defendants. *See O'Callaghan v. United States*, 686 F. Supp. 2d 826,

828 (N.D. Ill. 2010) (interpreting the plain language of § 1442 to permit removal by the United States without the consent of co-defendants).  The effect of removal by a federal agency defendant is to "remove the entire case."  *Hilbert v. McDonnell Douglas Corp.,* 529 F. Supp. 2d 187, 195 (D. Mass. 2008).  *See also Fowler*, 343 F.2d at 152 ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court").  Otherwise, removal would split the case in two, forcing plaintiffs to pursue parallel litigation on the same facts in state and federal courts.  Although USDOT requested removal only with respect to the claims against it, the effect of that request was to remove the entire case.  Accordingly, the motion to remand remains viable with respect to the state defendant.

Under the circumstances, and even assuming the removal was proper and this Court otherwise has subject-matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over the state-law claims against the state-entity defendant pursuant to 28 U.S.C. § 1367(c).  The Court would remand the case on that basis alone, as there is no longer any federal issue presented in this case.

However, even if USDOT had not been dismissed, this matter should be remanded to the state court.  The removal statute, 28 U.S.C. § 1446(d), requires *prompt* notice of removal to the state court, among other reasons in order to avoid the very problem that the Court now faces.  In determining whether a defendant's delay in filing such a notice warrants remand, courts have considered whether the state court has taken action in the interim, as it has here.  *See Browning v. Am. Family Mut. Ins. Co.*, 2008 WL 5352064, at *1 (D. Colo. Dec. 17, 2008), *aff'd*, 396 F. App'x 496 (10th Cir. 2010).  In addition, courts have found that delays of much shorter duration than the 70-day period here merit remand.  *See Doherty v. Goslin*, 2002 WL 32224695, at *1 (E.D.

Pa. July 26, 2002) (collecting cases including those that find delays between five and 34 days sufficiently long to justify remand).[3]

Accordingly, Defendant's motion to dismiss is DENIED as moot.  Plaintiffs' motion to remand to the Bristol County Superior Court is GRANTED.

**So Ordered.**

Dated: December 19, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[3] The Court does not reach the issue whether the removal was untimely because it was filed more than two and a half years after USDOT was served with the original complaint, far beyond the 30-day time limit prescribed by 28 U.S.C. § 1446.  As noted, the parties dispute whether service of the original complaint was effected on USDOT.